# EXHIBIT A

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07259-S7**
**8/8/2024 12:00 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

**WILLIE JASON LOVE**

**Plaintiff** **CIVIL ACTION NO.:** 24-C-07259-S7

**VS.**

**EXTENDED STAY AMERICA, INC.,**
**ESA P PORTFOLIO L.L.C., ESA P PORTFOLIO OPERATING LESSEE, LLC,**
**DANIEL JONES, XYZ CORP. 1-5, AND JOHN DOES 1-5**
**Defendant**

**JURY TRIAL DEMAND**

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff **WILLIE JASON LOVE** (hereinafter "Plaintiff") and files this Complaint for Damages and Demand for Jury Trial against Defendants Extended Stay America, Inc., ESA P Portfolio L.L.C., ESA P Portfolio Operating Lessee, LLC, Daniel Jones, XYZ Corp. 1-5 and John Does 1-5 (hereinafter "Defendants"), showing this Court as follows:

**PARTIES AND JURISDICTION**

**1.**

Defendant Extended Stay America, Inc. is a Foreign Corporation (incorporated in the state of Delaware) with its Principal Office Address at 11525 N. Community House Road, Suite 100, Charlotte, North Carolina 28277. (hereinafter "ESA, Inc.") ESA, Inc. may be served with a copy of the Summons and Complaint through its registered agent, Intertrust Corporate Services Delaware Ltd. at 251 Little Falls Drive, Wilmington, Delaware.

**2.**

Defendant ESA P Portfolio L.L.C. (hereinafter "Owner") is a Foreign Limited Liability Corporation with its Principal Office Address at 11525 N Community House Road, Suite 100 Charlotte, NC, 28277 and is authorized to do business in the State of Georgia. Owner may be

served with a copy of the Summons and Complaint through its registered agent, National Registered Agents, Inc. at 289 Culver Street South, Lawrenceville, GA, 30046-4805.

**3.**

Defendant ESA P Portfolio Operating Lessee, LLC (hereinafter "Manager") is a Foreign Limited Liability Corporation with its Principal Office Address at 11525 N Community House Road, Charlotte, NC, 28277 and is authorized to do business in the State of Georgia. Owner may be served with a copy of the Summons and Complaint through its registered agent, National Registered Agents, Inc. at 289 Culver Street South, Lawrenceville, GA, 30046-4805.

**4.**

Defendant Daniel Jones (hereinafter "Jones") is a citizen of Georgia and may be personally served with a copy of the Summons and Complaint at his residence located at 3969 Isaac Court, Lilburn, Georgia 30047.

**5.**

Defendants XYZ Corp. Nos. 1 through 5, whose identities and whereabouts are currently unknown and are subject to the jurisdiction and venue of this Court. Defendants XYZ Corp. Nos. 1 through 5 will be named and served with Summons and Complaint once their respective identities are revealed.

**6.**

Jurisdiction and venue are proper in this Court.

**7.**

Defendants are joint tortfeasors, and as such, venue as to all Defendants is proper in Gwinnett County as the location of the property on which the incident in question occurred is

located in Gwinnett County, GA; pursuant to O.C.G.A. §14-2-510(b)(3); O.C.G.A. §14-2-510(b)(4); and GA CONST Art. 6, § 2, ¶ IV.

**8.**

This court specifically has personal jurisdiction over ESA, Inc. pursuant to O.C.G.A. § 9-10-91.

**9.**

Removal of this case to federal court is not appropriate. See, e.g., Hambrick v. Wal-Mart Stores East, (2014) WL 1921341; Poll v. Deli Mmgt. Inc., No. 1:07-CV-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); Stalvey v. Wal-Mart Stores East, No. 510-CV-2018CV0133900206, 2010 WL4332439 (M.D. Ga. June 22, 2010); Ott v. Wal-Mart Stores, No. 5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); Stephens v. Wal-Mart Stores Mart Stores Inc., No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010); Mack v. Wal-Mart Stores Inc., No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C. §1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. Poll, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

**10.**

At all relevant times, the aforementioned Defendants owned, controlled, operated, and/or managed, the property known as "Extended Stay America - Atlanta - Gwinnett Place" (formerly known as "Gwinnett Place") located at 3390 Venture Parkway, Duluth, GA 30096, including but not limited to, the adjacent areas and all the common areas located on and around the property ("subject property").

**RELEVANT FACTS**

**11.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 10 above as though fully set forth herein.

**12.**

On or about June 11, 2007, Owner (as a successor in interest to BRE/ESA PROPERTIES L.L.C.) became the owner of the subject property after being granted a fee simple interest in said property by through a limited warranty deed.

**13.**

Upon information and belief, on or about August 17, 2020, Manager managed and/or controlled the subject property.

**14.**

Upon information and belief ESA, Inc. wholly owns and manages Owner and Manger. Further, ESA, Inc. regularly does and solicits business, engages in a persistent course of conduct, and derives substantial revenue from services rendered by Owner and Manager under the tradename of "Extended Stay America" in this state.

**15.**

On or about August 17, 2020, Plaintiff was an invitee of the subject property.

**16.**

At all relevant times, Jones was an employee / agent of Manager and/or Owner.

**17.**

Jones, as an employee / agent of Manager and Owner, was responsible for controlling, overseeing, and otherwise operating the subject property on August 17, 2020. This control

included, but is not limited to hiring, training, supervising, and retaining employees assigned to the subject property.

**18.**

On the evening August 17, 2020, Plaintiff was approached by an unknown assailant and subsequently robbed and shot five times in the parking lot of the subject location. Plaintiff sustained gunshot wounds to his right thigh and left arm.

**19.**

As of the date of this Complaint, the Gwinnett County Police Department considers this matter to be an open investigation (See Gwinnett County Police Department Case Number: 200061270), therefore the statute of limitations for Gordon's claims are governed by OCGA § 9-3-99.

**20.**

Prior to the date he was shot, Plaintiff had neither seen, met, nor heard of the assailant(s).

**COUNT 1 – NEGLIGENCE OF DEFENDANTS**

**21.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 19 above as though fully set forth herein.

**22.**

Upon information and belief, there has been criminal activity at the subject property and the vicinity surrounding the subject property that is substantially similar to the shooting in which Plaintiff was injured.

**23.**

Defendants, along with their employees, agents and/or apparent agent were aware about the increase in criminal activity on the subject property prior to the shooting in which Plaintiff was injured.

**24.**

Defendants, along with their employees, agents and/or apparent agents, failed to warn their tenants and other invitees including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

**25.**

Notwithstanding their knowledge of the danger of criminal activity on and around the subject property, Defendants failed to provide adequate security on the premises in order to keep invitees safe, thereby causing an unreasonable risk of injury to their invitees, including Plaintiff.

**26.**

Defendants and their employees, agents and/or apparent agents, knew or should have known about the criminal activity in the area.

**27.**

Prior to the date of Plaintiff's shooting, Defendants negligently maintained, inspected, secured, patrolled, and managed the subject property. Notwithstanding Defendants' knowledge, both actual and constructive, of the danger of criminal activity on the subject property and the areas immediately surrounding the subject property, Defendants failed to properly maintain, secure, inspect, patrol, and manage said subject property, and failed to exercise ordinary care.

**COUNT 2- PREMISES LIABILITY**

**28.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 27 above as though fully set forth herein.

**29.**

At all times material hereto, Defendants owned and/or were in control of the subject property and as such possessed said property with the intent to occupy and/or control it.

**30.**

At all times material hereto, Defendants had the duty under O.C.G.A. § 51-3-1 to keep their subject property in a safe condition, and to prevent harm to their invitees in the scope of ordinary care from foreseeable criminal acts of third parties, which should have put an ordinary and prudent person on notice of increased risk of harm.

**31.**

At all times material hereto, Plaintiff was an invitee of the subject property, and as such, was owed the duty of ordinary care to maintain the property in a reasonably safe condition to be protected against foreseeable criminal acts of third parties, that would have put an ordinarily prudent property owner on notice.

**32.**

At all times material hereto, Defendants, through their agents and employees, knew or in the exercise of ordinary and diligent care should have known that numerous criminal acts occurred on the subject property and/or areas adjacent thereto prior to the shooting in which Plaintiff was injured.

**33.**

Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of their patrons, invitees, and the public, including but not limited to their invitees.

**34.**

At all relevant times, Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of the invitees, guests, and the public, through the following acts or omission, or commission:

a) Failing to provide adequate security for their invitees and the public, including Plaintiff;

b) Failing to warn their invitees, and the public, including Plaintiff, of the nature and character of the surrounding area when it knew, or in the exercise of reasonable care should have known, that numerous criminal incidents of a similar nature to the one herein (i.e., crimes against persons) had occurred on the Premises and/or in the surrounding area prior to the herein incident;

c) Failing to warn, protect, guard, and secure the safety of invitees, when the Defendants knew or should have known that the Premises had a history of similar criminal acts being committed on their property and in the area, thereby creating a dangerous condition to those individuals on the Premises;

d) Failing to police, patrol, guard, deter, and otherwise provide adequate protection for their invitees and the public, when Defendants knew or should have known of foreseeable criminal acts on the Premises;

e) Failing to hire and/or retain any sufficient private security personnel and/or off duty police officers to patrol and/or monitor the Premises, thereby protecting their invitees and the public, including Plaintiff;

f) Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting their invitees and the public;

g) Failing to have an adequate number of security guards to protect their invitees and the public;

h) Failing to hire and/or retain competent security guards to protect their invitees and the public;

i) Failing to provide and/or properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect their invitees and the public;

j) Failing to implement adequate security policies, security measures, and security procedures necessary to protect invitees, tenants, and members of the public;

k) Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

l) Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

m) Preceding paragraphs (a) through (l), individually and/or as a whole, represent deviations from the existing standard of care with regard to security as recognized by businesses; and

n) Additional acts of negligence not yet discovered.

**35.**

At all times material hereto, Defendants did cause Plaintiff to sustain severe personal injuries, in that they knew or should have known of the foreseeable criminal activity on their premises, and by failing to prevent harm to their invitees from foreseeable criminal acts of third parties.

**36.**

Plaintiff was injured as a direct and proximate result of the combining and concurring negligent acts and omissions of all of the Defendants.

**COUNT 3- NEGLIGENT HIRING, TRAINING, SUPERVISION, & RETENTION**

**37.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 36 above as though fully set forth herein.

**38.**

An employer must exercise ordinary care in the selection of employees and must not retain them after knowledge of incompetency. Piney Grove Baptist Church v. Goss, 255 Ga.App. 380, 383(2), 565 S.E.2d 569 (2002).

**39.**

A plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury." Advanced Disposal Svcs. Atlanta, LLC v. Marczak, 359 Ga. App., 316, 319 (2), 857 S.E.2d 494 (2021).

**40.**

For an employer to be held liable for negligent supervision, there must be sufficient evidence to establish that the employer reasonably knew or should have known of an employee's

tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.' Leo v. Waffle House, Inc., 298 Ga.App. 838, 841, 681 S.E.2d 258 (2009).

**41.**

Upon information and belief, Defendants failed to exercise ordinary care in the selection, training, supervision and retention of Brown and other employees. Although there was rampant crime at the subject property, Defendants continued to hire and retain employees who were unqualified, undertrained, and inadequately supervised with respect to addressing crime at the subject property.

**42.**

Plaintiff's injuries should have been foreseen as a natural and probable consequence of hiring, inadequate training, supervision and retention of Jones and other employees (to be later determined) assigned to manage the subject property.

**COUNT 4-PUNITIVE DAMAGES**

**43.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 42 above as though fully set forth herein.

**44.**

Pursuant to OCGA § 51-12-5.1 (b), punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**45.**

The Defendants' actions and omissions in taking reasonable measure to protect their invitees from third-party criminal activity although they had actual and/or constructive knowledge of numerous prior substantially similar incidents on and around the subject property shows Defendants' conscious indifference to the consequences of their actions and authorizes Plaintiff's recovery of punitive damages.

## COUNT 6- ATTORNEY'S FEES & COSTS OF LITIGATION

**46.**

Plaintiff reiterates and re-alleges all of the allegations in paragraphs 1 through 45 above as though fully set forth herein.

**47.**

Plaintiff hereby asserts a claim for attorney's fees and costs of litigation in accordance with OCGA § 9-15-14 as Defendants' defense of this action lacks substantial justification or that the action and was interposed for delay or harassment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;
2. That service be had upon Defendants as provided by law;
3. That the Court award and enter a judgment in favor of Plaintiff and against Defendants;
4. That Plaintiff be awarded Punitive Damages in an amount to be determined by the enlightened conscience of an impartial jury;
5. That Plaintiff be entitled to a trial by a jury as to all issues; and

6. That Plaintiff be granted any and all other such and further relief as the Court may deem just and proper.

This 8th day of August 2024.

**RUMPH LAW GROUP, LLC**

*Dominko C. Rumph*____________________
**DOMINKO C. RUMPH**
Georgia Bar Number: 370568
*Attorney for Plaintiff*

P.O. Box 673607
Marietta, GA 30006
Phone: (470) 452-5908
rumphlawgroup@gmail.com